## Miller's Estate.

*Guardian and ward—Costs—Surcharge—Misconduct of guardian.*

Where a guardian has acted for eighteen years without giving much attention to the estate of his ward, has not complied with any statute or rule of court requiring him to file an inventory, statement or account, and has only filed an account upon citation after the ward's majority, and his account as filed has proved incorrect, the costs of the audit of the account should be imposed upon the guardian.

Argued Oct. 20, 1903. Appeal, No. 238, Oct. T., 1902, by Rowland A. Miller, from decree of O. C. Franklin Co., dismissing exceptions to report of auditor, in the matter of the estate of Rowland A. Miller, a minor. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Decree modified.

Exceptions to report of Walter B. Gilmore, Esq., auditor. The facts are stated in the opinion of the Superior Court.

32, (1903).]    Assignment of Errors—Opinion of the Court.

*Error assigned* was the decree of the court.

*Garnet Gehr*, of *Gehr & Gehr*, for appellant.—The guardian being entirely at fault and the ward having been compelled to call for an auditor, the ward is not responsible, especially since the guardian was the losing party: Simon's Appeal, 19 W. N. C. 94; Born's Estate, 16 W. N. C. 68; Biddle's Appeal, 19 W. N. C. 219.

*W. K. Sharpe*, of *Sharpe & Elder*, for appellee.—The disposition of costs of an audit in the orphans' court is largely in the discretion of the court, and will not be reversed except for clear abuse of discretion: Lusk's Estate, 150 Pa. 517.

The mistake of an accountant in stating his account, or his failure to charge himself with a doubtful item, or with an item difficult to calculate, will not always be punished by the imposition of the costs upon the accountant: Yoder's Appeal, 45 Pa. 394.

OPINION BY MORRISON, J., December 19, 1903:

This is an appeal by Rowland A. Miller from the decree of the orphans' court disposing of the exceptions to the auditor's report upon the estate of the appellant in the hands of Preston R. Austin, guardian. The appellee, Preston R. Austin, was appointed guardian of the appellant on the 28th day of February, 1883, and gave bond with sureties, and entered upon the discharge of his duties. On the second day of July, 1901, the appellant having arrived at full age, presented his petition to the orphans' court praying for a citation to his guardian requiring him to file an account. From the record we find that this guardian had acted for the term of about eighteen years without having filed an inventory, appraisement or statement of the ward's estate, and without having filed any triennial or other account. He only came into court with an account when compelled to do so by the citation and order of court. It appears that he never gave much attention to the ward or his estate, and that he resisted being charged with anything except an account which showed that the estate was indebted to him in the sum of $83.71. Upon a full investigation the auditor surcharged him with the amount of $331, and deducted from this the sum of $83.71, leaving a

balance due the ward of $247.29. The auditor then recommended that the costs of the audit amounting to $131.92, be paid out of this fund, leaving a balance in the hands of the accountant of $115.37. This report was confirmed absolutely by the final decree of the orphans' court, dated November 26, 1902. But this decree increased the amount due the ward to $117.37. No satisfactory reason is given by the auditor nor is any suggested by the court why the costs should be paid out of the ward's estate. Here we have a guardian acting for eighteen years without having complied with any statute or rule of court requiring him to file an inventory, statement, account or in fact without appearing to have given the estate much attention. His ward, on arriving at his majority, was compelled to resort to legal proceedings to get an account and ascertainment of the condition of his estate in the hands of his guardian. It appears that the attempt to surcharge the guardian with anything was vigorously resisted, and when it was ascertained and adjudicated that the account was not correct, and that the guardian was liable to a surcharge, we cannot see why the costs of the audit were not imposed upon him. We are of the opinion that the failure to impose the costs upon the guardian was a serious error, and that it must be corrected.

A vigorous effort was made by the learned counsel for the appellant to surcharge the accountant with certain insurance policies and other items. A careful consideration of the testimony and the report of the learned auditor does not convince us that it would be just to surcharge the accountant as was contended for by counsel. In short, we think as to these items the report as confirmed by the learned court does substantial justice, and upon a modification of the decree by placing the costs of the audit upon the guardian the decree can be affirmed.

It is therefore ordered, adjudged and decreed that the exceptions be all dismissed except the third, which is sustained, and the decree of November 26, 1902, is modified to read as follows: It is ordered, adjudged and decreed that the report of the auditor be amended so as to charge the accountant $333, leaving the balance in his hands due his ward $249.29, and that the costs of the audit, $131.92, be paid by the accountant, Preston R. Austin.

And it is further ordered and decreed that the said Preston R. Austin pay the costs of this appeal, and as so modified the decree is affirmed.